**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                                         **Case No. 4:19-cr-00210 KGB**

**CALVIN D. TAYLOR**                                                    **DEFENDANT**

## ORDER

Defendant Calvin D. Taylor pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Pending before the Court is the United States' sentencing memorandum in which the United States seeks an upward variance of at least 180 months of imprisonment in this case (Dkt. No. 34).

### I.      Overview Of Arguments

At the initial sentencing hearing the Court conducted in this case, the United States moved for the third-level reduction for acceptance of responsibility, as Mr. Taylor admitted his guilt. The Court also adopted the undisputed portions of the Presentence Investigation Report ("PSR") as the Court's findings of fact in this case.

With a total offense level 15 and a Criminal History Category V, as calculated in the PSR, the United States Sentencing Guideline ("U.S.S.G.") range for Mr. Taylor on count one is 37 to 46 months of imprisonment. Count two carries a five-year mandatory minimum sentence that must run consecutive to any sentence imposed on count one. The United States maintains that a sentence of 97 to 106 months of imprisonment, which is the U.S.S.G. range, is not sufficient for Mr. Taylor, considering the underlying facts in this case and the history and characteristics of Mr. Taylor (Dkt. No. 34, at 3).

### A.  Undisputed Factual Background

The underlying facts are undisputed (Dkt. Nos. 26, at 6-7; 34, at 1; PSR, ¶¶ 5-9).  On September 30, 2018, officers responded to a possible homicide.  Mr. Taylor called 911 and said that he had just killed somebody in his driveway (Dkt. No. 34, at 1).  Mr. Taylor fled the scene prior to the arrival of law enforcement.  Mr. Taylor later admitted to law enforcement that, after shooting the victim, Mr. Taylor discarded his cell phone and threw the .40 caliber firearm used in the offense into the river.

Law enforcement officers arrived on the scene and found the deceased victim in the driver's seat of his vehicle with both hands in his lap and a cell phone between his hands.  Officers observed five bullet holes in the driver's side door of the vehicle and five spent .40 caliber shell casings at the scene.  Law enforcement did not find any firearms in the victim's possession.  The medical examiner determined the victim had five bullet wounds, including three to his torso and chest, one to his left arm, and one to his left leg.

Officers executed a search warrant on Mr. Taylor's residence later that day and recovered marijuana, cocaine, pills, a digital scale, a drug ledger, and a defaced .38 caliber special revolver. It is undisputed that the firearm at the residence had an altered or obliterated serial number. According to the PSR, Mr. Taylor admitted that the contraband found in his residence belonged to him and that the cocaine was to sell, while the other drugs were for personal use (PSR, ¶ 9).

According to Mr. Taylor, the victim came to his driveway to confront him regarding a woman.  The conversation escalated, and Mr. Taylor told law enforcement that he believed the victim had a gun and saw the victim "ups" his hands with a black object in his hand.  Then, Mr. Taylor confessed that he shot the victim multiple times.

B.      **Arguments Regarding Variance**

The United States represent in its motion pending before the Court that, when the United States indicted the case, it omitted substantive charges relating to the murder, as the state of Arkansas intended to proceed on those charges (Dkt. No. 34, at 2).  Even at the time the plea offer was made by the United States, Mr. Taylor faced state charges on the murder, and the United States anticipated that the state would proceed on the murder charges against Mr. Taylor.  However, the United States subsequently learned that the state murder charges were dismissed in the light of speedy trial issues (*Id.*).  According to the United States, the murder constitutes relevant conduct in this case for which Mr. Taylor will not face separate punishment in state court.  Therefore, the United States requests that the Court take into account this conduct in determining an appropriate sentence.

Further, the United States highlights for the Court certain portions of Mr. Taylor's criminal history, which begins at the age of 17 and includes multiple acts of violence (*Id.*, at 2-3).  This criminal history is set forth in Mr. Taylor's PSR and is undisputed (PSR, ¶¶ 24-45).  Mr. Taylor has a prior conviction for terroristic act as a result of shooing at an occupied vehicle or occupiable structure, but the United States concedes that offense does not constitute a crime of violence under controlling Eighth Circuit case law so as to qualify Mr. Taylor as an Armed Career Criminal under 18 U.S.C. § 924(e).  While on probation, Mr. Taylor then was convicted of aggravated assault and possession of a firearm by certain persons.  Mr. Taylor reportedly approached the area where a vehicle accident occurred and shot at the vehicle, resulting in the victim in that case being shot in the back.  The United States concedes that aggravated assault under the prong for which Mr. Taylor was convicted does not qualify as a crime of violence for purposes of the Armed Career Criminal

analysis under 18 U.S.C. § 924(e), even though Mr. Taylor's offense was violent.  Mr. Taylor then was paroled four times and returned to custody four times.

Mr. Taylor has engaged in additional unlawful conduct, and the Court has fully considered his criminal history as outlined in the PSR.  Mr. Taylor's criminal convictions started at the age of 17 and continued through the age of 36.  Mr. Taylor is approximately 39 years old.

At the first sentencing hearing, counsel for Mr. Taylor argued to the Court with respect to the facts underlying this offense that Mr. Taylor was charged in Arkansas state court with murder in the first degree but that the state did not pursue it due to a speedy trial issue and, in counsel's estimation, because of significant issues with the case.  Given the circumstances of the homicide, according to Mr. Taylor's counsel, facts support a self defense argument to be asserted by Mr. Taylor to the murder charge; the supporting facts are outlined in the PSR (PSR, ¶¶ 5-9).  Mr. Taylor reported the incident to law enforcement, gave a recorded statement regarding the incident, and according to his counsel has been consistent in describing the incident.  Further, Mr. Taylor served a parole violation in an unrelated state court case in which his parole was revoked on October 8, 2018, due to his current conduct, and he spent time in the custody of the state of Arkansas as a result.

Mr. Taylor also argued to the Court that the dispute that lead to the homicide involved a woman, not guns or drugs.  Mr. Taylor had past disputes with the victim; the victim sought out the contact with Mr. Taylor; the victim refused to leave Mr. Taylor's driveway when asked to do so; and the victim reached for and held something black in his hands that could have been perceived as a gun.

Mr. Taylor's counsel argued that the Court can and should consider Mr. Taylor's lack of youthful guidance, the details of which are set forth in the PSR and were argued by his counsel at

4

the first sentencing hearing (PSR, ¶¶ 47-48).  Further, Mr. Taylor was diagnosed with learning and behavior problems at a young age and received counseling until approximately the age of 15 (PSR, ¶¶ 52, 54).  He did not complete high school and, to date, has not completed or earned his General Educational Development certificate (*Id.*).  He has, however, maintained employment at various times as an adult as outlined in the PSR (PSR, ¶¶ 55-59).  Mr. Taylor requests a sentence of between 60 months and a day and 66 months for the offense conduct.

The United States argues against reading too much into the state's dropping this murder charge, especially given the workload and volume of cases in this particular county.  Neither the United States nor counsel for Mr. Taylor know for certain why the state of Arkansas did not proceed on this charge, other than that speedy trial issues existed.  Instead, the United States encourages the Court to focus on the undisputed facts.  Mr. Taylor came outside with a firearm despite being a felon who could not legally possess a firearm and was standing in front of a house into which he could have retreated during his altercation with the victim.  Instead of doing that, he shot the victim five times, called 911, and then fled the scene before officers arrived, disposing of his cell phone and the murder weapon before returning.  Officers then obtained a search warrant for Mr. Taylor's home, found another firearm in his possession, and found evidence of drug trafficking.

## II.     Applicable Law

"A sentencing court has wide latitude to weigh the [18 U.S.C. §] 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011) (quoting *United States v. Lozoya*, 623 F.3d 624, 627 (8th Cir. 2010).  18 U.S.C. § 3553(a) provides, in part, that "[t]he court shall

impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection[,]" which provides for consideration of:

the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2).

### III.    Analysis

Having considered the 18 U.S.C. § 3553(a) factors and the arguments of counsel for the parties, and having carefully considered the facts of this case, the Court rules as follows.  The Court denies Mr. Taylor's request for a downward variance to a sentence of 60 months and a day or 66 months.  Given Mr. Taylor's criminal history, including but not limited to the number of his prior felony convictions and the circumstances of those convictions, as well as the circumstances of the current offense, the Court determines a downward variance is not appropriate.  Despite many prior felony convictions and having been a convicted felon for over a decade, Mr. Taylor continued to possess firearms.  Further, he used those firearms in this case to take another person's life and to protect drugs he admits he intended to sell to others.

The Court grants in part the United States' motion for upward variance but is not inclined to grant an upward variance to the extent requested by the United States.  Here, Mr. Taylor does not qualify under the law as an Armed Career Criminal or a Career Offender.  Further, Mr. Taylor was not convicted in Arkansas state court of the murder; instead, the state dropped the murder

charge. The United States opted not to pursue the murder charge when assessing this case for indictment and entry of the plea. The sentence Mr. Taylor receives in this case should account for all of that, along with his criminal history, the nature of his past convictions, as well as the circumstances of the current offense and all other appropriate factors under § 3553(a). Currently, Mr. Taylor is at an offense level 15 and a Criminal History Category V for count one, resulting in an imprisonment range of 37 to 46 months. The Court is inclined to vary three levels upward on count one and consider the range of 51 to 63 months of imprisonment under the Guidelines on count one. The Court has no discretion on count two and is required to impose a 60-month sentence on count two to run consecutive to any sentence imposed on count one.

### IV.    Conclusion

The Court considers the § 3553(a) factors and concludes that an upward variance to the range of 51 to 63 months of imprisonment on count one, to run consecutive to the 60-month term required to be imposed on count two, is appropriate. Mr. Taylor's history and characteristics, and conduct in this case, merit a lengthy sentence. A second sentencing hearing will be set in this matter. The Court will hear from counsel at that time and will make a final determination as to sentencing.

It is so ordered this 16th day of November, 2021.

Kristine G. Baker
United States District Judge