**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                              **Case No. 4:19-cr-00210-1**

**CALVIN D. TAYLOR**                                                            **DEFENDANT**

## ORDER

Before the Court is defendant Calvin Taylor's motion for home confinement and compassionate release due to COVID-19 concerns pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 48). The government responded in opposition (Dkt. No. 51).

As a result of arguments made in the parties' filings, the Court requested that the government provide Mr. Taylor's federal Bureau of Prisons ("BOP") medical records to the Court under seal (Dkt. No. 54). The government complied and provided those records to the Court for review. The Court has reviewed the records.

For the following reasons, the Court denies Mr. Taylor's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 48).

### I.        Background

Mr. Taylor pled guilty to counts one and two of the superseding information in his case, charging him with felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of a federal drug trafficking crime in violation of 18 U.S.C. § 924(c) (Dkt. Nos. 25–27). This Court sentenced Mr. Taylor on December 8, 2021, to 51 months in the BOP on count one and 60 months in the BOP on count two to run consecutively, for a total of 111 months in the BOP; five years of supervised release; and a mandatory special assessment (Dkt. Nos. 45–46).

In his motion, Mr. Taylor maintains that COVID-19 continues to put him and other incarcerated individuals at risk.  He asserts that he suffers physical and mental health conditions that qualify him for compassionate release (Dkt. No. 48, at 3–11).  He contends that these conditions put him at greater risk due to COVID-19.  Mr. Taylor requests that the Court reduce his sentence to home detention or based on compassionate release.

The government asserts in its response that, despite Mr. Taylor's purported concerns over COVID-19, Mr. Taylor has refused to be vaccinated against COVID-19 (Dkt. No. 51, at 4).  The government argues that compassionate release is not warranted in this case.  The government did not provide Mr. Taylor's medical records to the Court with its initial response but has now done so (Dkt. No. 56).  The Court has reviewed those medical records in reaching its determination on Mr. Taylor's motion.

## II.      Discussion

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). With these statutory provisions in mind, the Court turns to examine the arguments advanced by Mr. Taylor.

### A.    Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A). Mr. Taylor seeks compassionate release. As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act placed decision-making authority solely within

the discretion of the Attorney General and the Director of the BOP.  *See id.*; *accord* 18 U.S.C. §

3624(c)(2).  Courts therefore lack power to grant relief under Section 12003 of the CARES Act.

To the extent Mr. Taylor seeks relief from this Court under the CARES Act, the Court denies his

motion.

### B.    Compassionate Release

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final

judgment' and may not be modified by a district court except in limited circumstances." *Dillon v.*

*United States*, 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).

Once a district court has pronounced sentence and the sentence becomes final, the district court

may only reconsider or alter the sentence pursuant to statutory authority.  *See United States v.*

*Addonizio*, 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district

court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could

seek from a district court compassionate release on behalf of an incarcerated federal defendant for

extraordinary and compelling reasons.  The First Step Act amended the statute to authorize

defendants to seek compassionate release on their own behalf, provided that the defendant first

asks the BOP to do so and exhausts administrative appeals following denial of this request by the

BOP.  *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release

directly from the sentencing court "after the defendant has fully exhausted all administrative rights

to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. §

3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release.  The statute

authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Taylor maintains that he submitted an administrative remedy request to the Warden and that his request was denied prior to Mr. Taylor's filing his motion for compassionate release (Dkt. No. 48, at 3). Therefore, he contends that he exhausted all administrative remedies. The government concurs that administrative remedies were exhausted prior to Mr. Taylor filing the instant motion (Dkt. No. 51, at 2).

Mr. Taylor argues that extraordinary and compelling circumstances are present in his case so as to warrant the Court's granting of his motion. Mr. Taylor cites his underlying physical health risks and mental health issues, which he maintains are severe (Dkt. No. 48, at 3). He maintains

that he has completed programs within the BOP that demonstrate he is committed to rehabilitation (*Id.*, at 3). Mr. Taylor claims that he should have been released by the BOP to home confinement as authorized by the CARES Act but was not (*Id.*, at 2). He also discusses his release plan and support to transition successfully out of incarceration (*Id.*, at 1).

The government argues that, even if Mr. Taylor could meet the other relevant factors, Mr. Taylor poses a danger to the community if he were to be released and cannot satisfy the 18 U.S.C. § 3553(a) factors this Court is to consider (Dkt. No. 51, at 6–9). In the Court's assessment, Mr. Taylor meets neither the minimum age requirement nor the served-time requirement under the Guidelines. Further, the Court determines that, on the record presented, fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release. The Court recognizes Mr. Taylor's circumstances and concerns. However, these circumstances and concerns, taken alone or together with his medical concerns, do not present "extraordinary and compelling" reasons for release.

Even if Mr. Taylor could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered.

The Court recognizes that Mr. Taylor has a criminal history that reflects past violent behavior, as he acknowledges. However, as the government points out, the instant offense stemmed from an incident in which Mr. Taylor reportedly shot and killed another person (Dkt. No. 51, at 8). Further, Mr. Taylor has a history of failing to comply with the conditions of supervision imposed by other courts even when released (*Id.*). The government submits that granting the requested release would not promote respect for the law, reflect the seriousness of Mr. Taylor's

offense, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Mr. Taylor (*Id.*).

Based on the record before the Court and for the reasons explained, the Court denies Mr. Taylor's motion for compassionate release at this time.  *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c).

### III.    Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Taylor's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 48).

It is so ordered this 15th day of May, 2023.

Kristine G Baker
United States District Judge