**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                    **Case No. 4:19-cr-00210-01-KGB**

CALVIN D. TAYLOR                                                  DEFENDANT

## ORDER

Pending are several motions filed by defendant Calvin D. Taylor *pro se*, including a motion to reduce sentence; a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255; a motion to appoint counsel; a motion to amend the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255; a motion for status and for documents; and a motion to appoint counsel (Dkt. Nos. 53; 58; 59; 62; 63; 64).  The United States has filed a response in opposition to Taylor's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence and request to deny amended motion as untimely (Dkt. No. 79).

### I.      Background

Taylor was charged in a multi-count indictment (Dkt. No. 1).  On August 14, 2020, Taylor waived indictment, consented to the filing of a superseding information, and entered a guilty plea to the charge in the superseding information pursuant to the plea agreement and addendum (Dkt. Nos. 23–27).  Taylor pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of a federal drug trafficking crime in violation of 18 U.S.C. § 924(c) (Dkt. No. 26, at 1).  The government moved to dismiss, and the Court granted the dismissal of, the remaining counts against Taylor (*Id.*).  The plea agreement entered into by Taylor included several waiver paragraphs that the Court reviewed specifically with Taylor at the plea hearing (*Id.*, at 3–4).

In a sentencing memorandum filed prior to sentencing, the government detailed Taylor's criminal history, including his involvement in what the government characterized as a homicide (Dkt. No. 34).  The government specifically stated:

> The United States anticipates moving for the third-level reduction for acceptance of responsibility, as the defendant timely admitted his guilt. With a total offense level of 15 and Criminal History Category of V, the anticipated Guideline range for Count 1 is 37-46 months' imprisonment. The five-year mandatory minimum applicable as to Count 2 must run consecutive to the sentence imposed in Count 1. However, a sentence within the total Guideline range of 97–106 months' imprisonment is not sufficient considering the underlying facts in this case and the history and characteristics of the defendant.  Therefore, the United States requests an upward variance.

(*Id.*, at 3).  The government requested "a sentence of at least 180 months' imprisonment." (*Id.*, at 4).

The Court conducted an initial sentencing hearing on April 8, 2021, hearing arguments from counsel for Taylor and the government (Dkt. Nos. 39; 76).  The Court determined that the base offense level was 14 pursuant to United States Sentencing Guidelines ("USSG") § 2K2.1(a)(4)(A) (Dkt. No. 76, at 7).  The parties agreed in their written plea agreement that a four-level enhancement would apply because the offense involved a firearm that had an altered or obliterated serial number pursuant to USSG § 2K2.1(b)(4)(B) (*Id.*).  The Court awarded a two-level reduction for acceptance of responsibility, and in open Court the government moved to award a third level, which the Court granted (Dkt. No. 76, at 7–8).  That brought Taylor's offense level to a 15 for count one of the superseding indictment (*Id.*, at 8).

Taylor's prior criminal convictions resulted in a criminal history score of 10.  He committed the offense of conviction while under a criminal justice sentence, so two points were added.  USSG § 4A1.1(d).  The total criminal history score was 12, which established a criminal history category of V (*Id.*).

The Court took several matters under advisement after the initial sentencing hearing.  The Court then issued an Order on the government's motion for an upward variance, concluding after considering the 28 U.S.C. § 3553(a) factors that an upward variance to the range of 51 to 63 months of imprisonment on count one, to run consecutive to the 60-month term required to be imposed on count two, was appropriate (Dkt. No. 43, at 7).  The Court denied Taylor's request for a downward variance and granted the government's request, in part, for an upward variance (*Id.*).  The Court did not vary upward as much as the government requested.  Instead, the Court varied upward three levels on count one to a range of 51 to 63 months of imprisonment to run consecutive to the 60-month sentence required to be imposed on count two (*Id.*).

The Court conducted a final sentencing hearing at which Taylor was present, Taylor was represented by counsel, and the government's counsel was present (Dkt. Nos. 45; 77).  At each sentencing hearing, counsel for Taylor argued for a variance, and the government argued for a variance (Dkt. Nos. 76; 77).  Taylor's counsel requested a sentence between "five years and a day, like 66 months" on both counts (Dkt. No. 76, at 13).

The Court conducted the final sentencing hearing on December 8, 2021 (Dkt. Nos. 45–46; 77).  At that final hearing, the Court sentenced Taylor to 51 months of imprisonment on count one of the superseding information and 60 months of imprisonment on count two of the superseding information to run consecutively, meaning Taylor received a total sentence of imprisonment of 111 months (Dkt. Nos. 45–46).  The Court informed Taylor that he could appeal his conviction and his sentence under certain circumstances and that a notice of appeal needed to be filed within 14 days of judgment with a few exceptions (Dkt. No. 77, at 14).  The Court entered Judgment on December 9, 2021 (Dkt. No. 46).  Taylor admits he took no direct appeal of his conviction or sentence in this case (Dkt. No. 58, at 2).

II.     **Overview Of Habeas Motions**

On December 20, 2022, Taylor filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence (Dkt. No. 58).  Taylor declared that he placed his motion in the prison mailing system on December 5, 2025, rendering his initial motion timely (*Id.*, at 12).  Taylor then filed on July 31, 2023, a *pro se* motion to amend his motion under 28 U.S.C. § 2255 (Dkt. No. 62).

In his initial *pro se* motion under § 2255, Taylor asserts three grounds:  (1) the USSG used to impose his December 8, 2021, sentence were misapplied; (2) the Court committed error by not considering his guilty pleas down to a lesser offense; and (3) the Court did not award the three-point reduction for acceptance of responsibility (Dkt. No. 58, at 3).  Taylor then claims as grounds: (1) abuse of power, specifically claiming:  "I had a trial about a homicide that was dismissed in state court and the federal court used the dismissal as a means to remove my 3 pts for acceptance and sentence me over my Guidelines" (*Id.*, at 4); (2) ineffective counsel, specifically claiming:  "I should have received the acceptance of responsibility points because I was only charged with felon in possession of a firearm and possession of a firearm in furtherance of a drug trafficking crime at the time of my plea agreement" (*Id.*, 5); and (3) unintelligent plea, specifically claiming:  "I didn't know that the government was seeking an upward departure which would notify my 3 pts for acceptance" (*Id.*, at 7).

In his *pro se* motion to amend his § 2255 motion filed on July 31, 2023, Taylor seeks to add ground four, specifically claiming:  "I was ineffective assistance of counsel when my counsel failed to file a notice of appeal." (Dkt. No. 62).  Taylor states:  "After my sentencing hearing, I requested that my counsel appeal my sentence but my counsel failed to do so." (*Id.*).

The government responded in opposition to Taylor's motions (Dkt. No. 79).

4

### A.    Habeas Claims Properly Before The Court

Taylor as the petitioner has the burden of proof on each ground for relief that he asserts under § 2255.  *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969).  For the following reasons, the only habeas claims properly before this Court are claims for ineffective assistance of counsel and prosecutorial misconduct from Taylor's initial § 2255 motion (Dkt. No. 58).  The Court finds that the claims Taylor attempts to assert in his motion to amend his § 2255 motion are time barred (Dkt. No. 62).

### 1.    Waiver Based On The Plea Agreement

To the extent that Taylor raises any § 2255 claims attacking his conviction or sentence other than ineffective assistance of counsel or prosecutorial misconduct, the Court dismisses those claims because those claims are barred by the waiver in Taylor's written plea agreement and because the record supports that Taylor knowingly and intelligently entered into his plea agreement (Dkt. No. 26, at 3–4).

"[A] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."  *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).  Thus, when a defendant files a § 2255 motion to challenge the validity of a conviction pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."  *United States v. Broce*, 488 U.S. 563, 569 (1989).

Here, Taylor entered into a guilty plea that recites language confirming that his plea was counseled and voluntary, and the plea agreement he entered into includes waiver language. Generally, "[s]uch a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice."  *Ackerland v. United States*,

633 F.3d 698, 701 (8th Cir. 2011) (citing *United States v. Andis*, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc)).

Here, Taylor entered into a plea agreement with the following waivers:

4.    **WAIVERS:** . . . .  The defendant further understands that by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:

A.    The right to appeal or collaterally attack, to the full extent of the law, all non-jurisdictional issues, including any forfeiture or restitution order, as follows:

(1) the defendant waives the right to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea, including the sentence imposed or any issues that relate to the establishment of the Guideline range, except that the defendant reserves the right to appeal claims of prosecutorial misconduct and the defendant reserves the right to appeal the sentence if the defendant makes a contemporaneous objection because the sentence imposed is above the Guideline range that is established at sentencing;

(2) the defendant expressly acknowledges and agrees that the United States reserves its right to appeal the defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

(3) the defendant waives all rights to collaterally attack the conviction and sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

(4) the defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

(5) the defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and,

(6) the defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

B. The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury. . . .

(Dkt. No. 26, at 3–4, ¶ 4).

6

The Eighth Circuit Court of Appeals has determined waivers to be knowing and voluntary where the plea agreement states that the guilty plea was voluntary and not coerced, that the defendant had discussed the case and his rights with his attorney, that the defendant was advised of the nature and range of a possible sentence, and that the defendant had reviewed the provisions of the plea agreement with his attorney. *United States v. Guzman*, 707 F.3d 938, 941 (8th Cir. 2013) (citing *United States v. Cervantes*, 420 F.3d 792, 794 (8th Cir. 2005)).

Here, Taylor's written plea agreement, signed by Taylor, confirms that he and his counsel reviewed every part of the plea agreement, that Taylor understood the plea agreement, and that Taylor agreed to its terms and conditions (Dkt. No. 26, at 14–15, ¶ 18). Further, the Court reviewed these matters with Taylor on the record during his plea hearing, asking him these questions while he was under oath (Dkt. No. 25). The record supports that Taylor's plea was knowing, counseled, and voluntary. Taylor makes no showing to the contrary. As a result, the Court dismisses Taylor's § 2255 motion to the extent Taylor waived in his plea agreement the ability to challenge all but ineffective assistance of counsel and prosecutorial misconduct claims and now attempts to attack collaterally in his § 2255 motion on any basis other than ineffective assistance of counsel and prosecutorial misconduct.

### 2.    Procedurally Defaulted Claims

In addition, aside from his claims for ineffective assistance of counsel and prosecutorial misconduct, any claims Taylor purports to raise are procedurally defaulted or not cognizable because Taylor did not raise those claims on direct review. It is undisputed that Taylor filed no direct appeal of his conviction and sentence in this matter.

"It is firmly established that [§] 2255 cannot be used as a substitute for a direct appeal from a conviction." *Houser v. United States*, 508 F.2d 509, 513 (8th Cir. 1974) (citations omitted).

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Failing to raise a claim on direct appeal is a procedural default. To avoid procedural default and properly raise the issue in habeas, a movant must show both "cause" for failure to raise the issue during direct appeal, and "actual prejudice" resulting from the error or must be proceeding under the actual innocence exception. *Id.*, at 622.

Even claims regarding voluntariness and intelligence of a guilty plea may be attacked on collateral review only if first challenged on direct review. *Bousley*, 523 U.S. at 621. "There are strict limits. . . on when a guilty plea may be attacked on collateral review under § 2255. Ordinarily, where a defendant does not challenge his guilty plea on direct appeal, he may not do so in a collateral attack." *Silk v. United States*, 955 F.3d 681, 683 (8th Cir. 2020). It is well-established that "[a] guilty plea waives all defects except those that are 'jurisdictional.'" *United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008). Here, it is undisputed that Taylor filed no direct appeal, and Taylor has not established cause or actual prejudice with respect to his failure to raise on direct appeal the voluntariness and intelligence of his guilty plea.

Moreover, to the extent that Taylor challenges the USSG calculation, the Eighth Circuit Court of Appeals and its sister circuits have consistently held "that ordinary questions of guideline interpretation failing short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995)). Under *Sun Bear*, only unlawful or illegal sentences – sentences imposed without or in excess of statutory authority – may be challenged in a § 2255 motion. *Sun Bear*, 644 F.3d at 705. Taylor does not raise these types of challenges here, and there is no basis in the record for such a challenge.

For these reasons, to the extent Taylor attacks his guilty plea on grounds other than ineffective assistance of counsel and prosecutorial misconduct, the merits of such claims are not properly before the Court.

### B.      Ineffective Assistance Of Counsel Claims

Taylor does not raise a claim with respect to prosecutorial misconduct, only with regard to alleged ineffective assistance of counsel.  With respect to Taylor's ineffective assistance of counsel claims, a defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir.1996).  Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  "This standard requires [the petitioner] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense."  *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quoting *Lawrence v. Armontrout*, 961 F.3d 113, 115 (8th Cir. 1992)).

In his original § 2255 motion, Taylor's main argument was that he did not receive a third point reduction for acceptance of responsibility (Dkt. No. 58).  As an initial matter, the government moved to award, and the Court awarded, Taylor a third point reduction for acceptance of responsibility (Dkt. No. 76, at 8).  The Court acknowledges that Taylor asserts that he did not file an appeal on these grounds because his attorney said there were "no grounds or use for a Direct Appeal" (Dkt. No. 48, at 5–6).  Taylor did not, and does not now, claim that he instructed his attorney to file an appeal regardless.

The Court determines that, on the record before it, Taylor fails to meet the high burden under Strickland to state an ineffective assistance of counsel claim based on the allegations in his initial § 2255 motion (Dkt. No. 58).  The Court determines he is entitled to no relief on this claim.

9

### III.    Motion To Amend His § 2255 Motion

Taylor also filed a motion to amend his § 2255 petition that was well outside of the time period for filing a § 2255 motion (Dkt. No. 62).  "Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)."  *Dodd v. United States*, 614, F.3d 512, 515 (8th Cir. 2010).  "An amendment to a pleading shall 'relate back' to the date of the original pleading only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence."  *See* Fed. R. Civ. P. 15(c)(1)(B); *see also United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (citing Fed. R. Civ. P. 15(c)(2) (applying "relate-back" doctrine); *Mandacina v. United States*, 328 F.3d 995, 999–1002 (8th Cir. 2003) (same); *Taylor v. United States*, 792 F.3d 865, 869–71 (8th Cir. 2015) (same).

Notably, where a movant filed a § 2255 motion alleging ineffective assistance for failing to pursue particular claims at sentencing and amended the motion to add a claim alleging failure to appeal as instructed, the Eighth Circuit Court of Appeals found that "[f]ailing to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue."  *Craycraft*, 167 F.3d at 457 (finding the amendment did not relate back and was time-barred).

This Court concludes that, like in *Craycraft*, Taylor's motion to amend to add a claim alleging failure to appeal as instructed is a separate occurrence in both time and type from his allegations in his initial § 2255 motion.  Taylor's proposed amended § 2255 petition was filed more than 18 months after Judgment was entered and purports to raise a completely unrelated argument – ineffective assistance of counsel for failure to file a notice of appeal after purportedly being instructed to do so (Dkt. No. 62).  Taylor's proposed amended § 2255 petition is inconsistent

10

with his initial motion. In his initial claim, Taylor argues the district court failed to grant him a third point reduction for acceptance of responsibility and that he did not appeal because his attorney informed him that there were no grounds for a direct appeal. He never asserted in his initial motion that he instructed his attorney to appeal, and his contention in his motion to amend his § 2255 motion is inconsistent with his initial filing stating that he was advised there were no meritorious grounds for appeal (Dkt. No. 58, at 5–6). For these reasons, the Court determines that Taylor's motion to amend does not relate back to Taylor's filing of his initial § 2255 motion and that his allegations in the proposed amended § 2255 motion are time barred.

For these reasons, the Court determines that Taylor's motion to amend his § 2255 petition was filed well outside of the time period for filing a § 2255 motion and does not include allegations that "relate back" to the date of the original pleading. Therefore, this Court lacks jurisdiction to consider the merits of untimely claims. *Craycraft*, 167 F.3d at 457. The Court denies Taylor's motion to amend his § 2255 action as untimely and denies his request for relief (Dkt. No. 62).

IV.    **Motions To Appoint Counsel**

Taylor moves to appoint counsel to assist with this § 2255 petition (Dkt. No. 59). Taylor filed a second motion for the appointment of legal counsel to assist with his § 2255 motion and other pending motions (Dkt. No. 64)

There is neither a statutory nor constitutional right to appointed counsel in proceedings pursuant to 28 U.S.C. § 2255. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (rejecting suggestions that a right to counsel on discretionary appeals be established, and explaining "that the right to appointed counsel extends to the first appeal of right, and no further"); *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964) (stating that "a federal convict filing a motion under § 2255 is not entitled, as a matter of constitutional right, to have court-appointed counsel in the

11

preparation and presentation of such a motion in the District Court or the Court of Appeals"). Rather, the Court may appoint counsel in a § 2255 case if the interests of justice so require. *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action" and that appointment of counsel is reviewed "for abuse of discretion").

Given that the Court denies Taylor's § 2255 motion and his motion to amend his § 2255 petition, the Court denies his motions to appoint counsel (Dkt. Nos. 59; 64).

## V.        Hearing

A movant "is entitled to an evidentiary hearing [on a section 2255 motion]. . . unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" *Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015) (citation omitted) (quoting 28 U.S.C. § 2255(b)).   The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing *Larson v. United States*, 905 F.2d 218, 220–21 (8th Cir. 1990)).   The Court determines, based on the record before it, that no hearing is required to dispose of Taylor's § 2255 motion and his motion to amend his § 2255 petition (Dkt. Nos. 58; 62)

## VI.        Motion To Reduce Sentence

 Taylor also filed a *pro se* motion for reduction of his sentence on June 17, 2022 (Dkt. No. 53).  Taylor cites "Rule 60(D)(1) of the Federal Rules of Civil Procedure[] savings clause" seeking modification of his sentence, claiming it is a grave miscarriage of justice or an unjust judgment (*Id.*, at 1).  In the motion, as the Court understands it, Taylor contends that he is actually innocent despite his knowing and voluntarily entered into guilty plea (*Id.*, at 2), that the Court should have

considered petitioner's guilty pleas down to a lesser offense of simple possession (*Id.*, at 3), and that the USSG used to impose his sentence was misapplied (*Id.*, at 3–5).

Here, the Court has reviewed Taylor's Federal Rule of Civil Procedure 60(b)(6) motion, and the Court determines that, on its face, the motion raises the same issues Taylor raises in his § 2255 petition now pending before the Court. Considering the merits of the motion, the Court denies it for the same reasons the Court denies Taylor's § 2255 motion and his motion to amend his § 2255 petition (Dkt. Nos. 58; 62).

**VII.    Motion For Status**

Taylor seeks an update on the status of his pending motions. He also seeks his "PSI Report, Court Transcripts, PSR Report," and plea allocution (Dkt. No. 63).

The Court directs the Clerk of Court to send to Taylor a copy of his docket sheet. To the extent Taylor seeks a copy of any document referenced on his docket sheet, he may file a written motion with the Court setting out the document number for which he seeks a copy. The Court understands Taylor's reference to "PSI Report" and "PSR Report" as referencing the same document—Taylor's Presentence Report. The Court declines to send to Taylor a copy. With respect to Taylor's request for "plea allocution," the Court directs the Clerk to send to Taylor Docket Number 26, which is his plea agreement, and Docket Number 43, which is the Court's ruling on the government's motion for upward variance.

**VIII.  Conclusion**

For these reasons, the Court:

(1)      dismisses with prejudice Taylor's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. No. 58), denies his request for relief, and denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c);[1]

(2)      denies his motions to appoint counsel (Dkt. Nos. 59; 64);

(3)      denies his motion to amend the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. No. 62), as untimely filed;

(4)      denies his motion for reduction of his sentence (Dkt. No. 53); and

(5)      grants, in part, and denies, in part, consistent with this Order his motion for status and for documents (Dkt. No. 63).

It is so ordered this 30th day of March, 2026.

Kristine G. Baker
Chief United States District Judge

---

[1] "A certificate of appealability may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires a demonstration that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Even though this Court declines to issue a certificate of appealability, Taylor may petition the Eighth Circuit Court of Appeals to issue a certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22.